UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELANUR YAVUZ <br> TANSEL YAVUZ <br>     Plaintiff <br><br> vs. <br><br> PLAB, INC. <br> BEKIR O. GOKBAYRAK <br>     Defendants | ) ) ) ) ) ) ) ) CASE NO. 1:22-cv-01632 ) ) ) ) ) |

***PLAINTIFF'S COMPLAINT FOR DAMAGES***

Comes now the plaintiff, Elanur Yavuz and Tansel Yavuz (hereinafter "Plaintiffs"), by counsel, and for her claims against the Defendants, Plab, Inc. and Bekir O. Gokbayrak (hereinafter collectively "Defendants" unless a defendant is identified by full name), alleges and says:

### *I. FACTUAL ALLEGATIONS*

1. Plaintiffs are a resident of the State of Indiana, and is domiciled in Indianapolis, Marion County, Indiana.

2. Plaintiffs are Turkish.

3. Defendant is a company headquartered in Marion County, Indiana. Defendant is a is a packing company. Defendant describes its principal office address as 9801 Fall Creek, #333, Indianapolis, IN 46256.

4. Defendant, Bekir O. Gokbayrak is resident of the State of Indiana, and is domiciled in Indianapolis, Marion County, Indiana.

5. Plaintiffs were hired to work as the warehouse workers for the Defendants after they applied for the positions. Plaintiff's began working for Defendant in January 2019. Plaintiffs are currently still employed at Defendant

6. Defendants were to pay Plaintiffs an hourly rate.

7. From 2019 to 2021, Plaintiffs were forced to work over forty hours a week, however, they were never paid for any hours over 40 hours.

8. Plaintiffs were not paid time and a half for any hours worked over forty hours a week.

9. In 2021, Defendant began to hire Americans.

10. Defendants began to pay Plaintiffs for hours worked over forty hours and time and a half, after the Americans were hired.

11. However, Defendants still pays the American warehouse workers more money and give the American workers higher raises than Plaintiffs.

12. Since 2022, Defendants have not allowed Plaintiff to work overtime, however, Defendants have allowed the American warehouse workers to work overtime.

13. During Plaintiffs employment, Plaintiffs kept their own, contemporaneous record of the days and hours they worked for the Defendants. Between 2019 to 2021, Plaintiffs have worked over 1,000 for Defendant. Defendant has not paid Plaintiffs for the overtime they worked from 2019 to 2021. Defendant still owes Plaintiff wages and overtime compensation for 1,000 hours of work.

14. Defendants failed and refused to pay Plaintiffs their earned wages and overtime compensation in full and one time. Moreover, inasmuch as Defendants has paid Plaintiffs no wages whatsoever for their work, Defendants has committed FLSA minimum wage violations.

15. Plaintiffs also seeks statutory liquidated damages from Defendants under the Indiana

Wage Payment Statute (see I.C. 22-2-5-2) and the Fair Labor Standards Act.

16. Defendants willfully, intentionally, knowingly and in bad faith violated Plaintiffs' rights under the Fair Labor Standards Act and the Indiana Wage Payment Statute.  By way of this Complaint, Plaintiffs are seeking all available damages, including, but not limited to, all unpaid wages, all unpaid overtime compensation, all unpaid minimum wages, all liquidated and/or statutory damages, plus payment of his reasonable attorney's fees, costs and expenses.

## II.  JURISDICTION AND VENUE

17. This Court has jurisdiction over the subject matter of this Complaint under 28 USC § 1331 and 29 USC § 201 et seq, as Plaintiffs raises a federal question of law.  This Court has supplemental jurisdiction over Plaintiffs' claims raised under Indiana law which arise from a common core of facts.

18.  Venue is proper in this Court pursuant to 28 USC § 1391 because the unlawful conduct alleged herein was committed in the Southern District of Indiana.

## III.  PARTIES

19. Plaintiffs are domiciled in and a resident of Indianapolis, Marion County, Indiana.

20. Defendant, Plab, Inc. is headquartered in Marion County, Indiana.

21. Defendant, Bekir O. Gokbayrak is domiciled in and a resident of Indianapolis, Marion County, Indiana.

## IV.  STATEMENT OF CLAIMS

### A.  Claims Under the Fair Labor Standards Act

22. Plaintiff incorporates herein by reference paragraphs 1 through 19 above.

23. Defendants are an "enterprise," as that term is defined by the FLSA, covered by the overtime and minimum wage provisions of the FLSA.  Defendant is an "employer," as that term

is defined by the FLSA.  Defendant is a "joint employer" as that term is defined by the FLSA.  Finally, Defendant is a "person" as that term is defined by the FLSA.

24. The Defendants, individually and acting jointly, have violated Plaintiffs' rights to be properly paid minimum wages and overtime wages in a manner required by the FLSA.  Specifically, Plaintiffs are non-exempt employee and Defendant is required to pay them for each hour he worked.

25. The Defendants' failure to comply with the FLSA's provisions regarding minimum wages and overtime compensation is willful and without justification.

26.  Plaintiffs seeks all available damages, including unpaid wages, unpaid minimum wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which he may be entitled for the Defendants' violations of the Fair Labor Standards Act.

27. Defendants are jointly and severally liable to Plaintiffs, as they have jointly directed and controlled Plaintiffs' employment, and they have acted in concert to violate Plaintiffs' rights to minimum wages and overtime wages under the FLSA.

### B.  Claims Under the Indiana Wage Payment Statute

28. Plaintiffs incorporate herein by reference paragraphs 1 - 19 above.

29. Defendants failure to pay Plaintiff's at all for their work is not in "good faith." Defendant's refusal and failure to pay wages to Plaintiffs is certainly bad faith activity.  Plaintiff is certainly entitled to payment of all of her earned hourly wages along with an amount equal to two (2) times the amount of those wages (statutory liquidated damages).

29. By way of this Complaint, Plaintiffs are seeking all available damages, including all unpaid wages, an additional amount equal to two (2) times her unpaid wages, plus any and all

attorney's fees, costs, and expenses, and any other damage which he may be entitled pursuant to the damages provision of the Indiana Wage Payment Statute.  See I.C. 22-2-5-2.

### C.  *Alternatively-Pled Claims for Unpaid Minimum Wages and Overtime Compensation Under the Indiana Minimum Wage Law of 1965*

30.    Plaintiffs incorporates herein by reference paragraphs 1 through 19 above.

31.    While Plaintiff certainly believes the FLSA applies to their minimum wage and overtime claims, from an abundance of caution, Plaintiffs pleads this claim under the Indiana Minimum Wage Law of 1965 in the alternative, in the event that Defendants does not meet the FLSA's definition of "enterprise."  If Defendants are not covered in any way by the FLSA, then Defendants are definitely an "employer" as that term is defined by the Indiana Minimum Wage Law of 1965 at I.C. 22-2-2-3, with two or more employees at all times relevant to the events described in this complaint.

32.    For purposes of liability under the Indiana Minimum Wage Law of 1965, Defendant Bekir O. Gokbayrak is an "individual" who is an "employer," as that term is defined by the Indiana Minimum Wage Law of 1965.

33.    Defendants failure to comply with the Indiana Minimum Wage Law of 1965's provisions regarding minimum wages and overtime compensation was and is willful and without justification.

34.    Plaintiffs seeks all available damages, including unpaid wages, unpaid minimum wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which he may be entitled for Stivers Consulting's violations of the Indiana Minimum Wage Law of 1965.

### V.  **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that the Court enter judgment against both

of the Defendants, holding the Defendants jointly and severally liable to her for violations of the FLSA, the Indiana Wage Payment Statute, and/or the Indiana Minimum Wage Law of 1965, and issue to her all available relief, including, but not limited to, the following:

1. All damages available under the FLSA, including all unpaid minimum wages, all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

2. All damages available under the Indiana Wage Payment Statute, including all unpaid wages, all statutory/liquidated damages for late paid wages, plus payment of all reasonable attorney's fees, costs and expenses;

3. All damages available under the Indiana Minimum Wage Law of 1965, including all unpaid minimum wages, all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

4. Costs;

5. Pre-judgment interest, if available; and

6. Any and all other relief just and proper in the premises.

Respectfully submitted,

AMBER K. BOYD ATTORNEY AT LAW

By/s/Amber K. Boyd
Amber K. Boyd
Attorney No. 31235-49
8510 Evergreen Avenue
Indianapolis, IN 46240
(317) 210-3416
amber@amberboydlaw.com